UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN NELSON, on behalf of himself and all others similarly situated, </br></br>  Plaintiff, </br></br> v. </br></br> FORMED FIBER TECHNOLOGIES, INC., </br></br>  Defendant. | ) </br> ) </br> ) </br> ) </br> )  Docket No. 2:10-cv-00473-GZS </br> ) </br> ) </br> ) </br> ) |

### ORDER ON MOTION FOR LEAVE TO FILE AMENDED CLASS ACTION COMPLAINT

Before the Court is Plaintiffs' Motion for Leave to File First Amended Class Action Complaint (Docket # 53). As explained herein, the Court GRANTS IN PART and DENIES IN PART the motion.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) requires that leave to amend pleadings be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "While granting leave is a matter of the trial court's informed discretion," Swan v. Sohio Oil Co., 766 F. Supp. 18, 20 (D. Me. 1991) (internal citation omitted), "the ordinary practice is to grant leave to amend pleadings unless there is a compelling reason to the contrary." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962) (listing specific grounds upon which a court might refuse to grant leave to amend)). Indeed, "Rule 15(a) reflects a liberal amendment policy," and the district court therefore "enjoys significant latitude in deciding whether to grant leave to amend." U.S. ex rel. Gagne v. City of

Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (internal citation omitted). Nonetheless, even a timely motion for leave to amend is properly denied when the proposed amendments would be futile. See Foman, 371 U.S. at 182; Chiang v. Skeirik, 582 F.3d 238, 243-44 (1st Cir. 2009).

## II.   BACKGROUND

This case arises out of Defendant Formed Fiber's decision to lay off 162 of its 300 employees on December 15, 2008. (See Compl. (Docket # 1) ¶¶ 5, 18.) On November 18, 2010, almost two years later, one of those laid off employees, Plaintiff Steven Nelson, filed a Complaint against Formed Fiber alleging (1) that Formed Fiber had failed to give the requisite 60 days' advance notice of its "mass layoff" as required by the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101 et seq., and (2) that Formed Fiber failed to pay severance pay to terminated employees as required by the Maine Severance Pay Act ("MSPA"), 26 M.R.S.A. § 626-B. (See Compl. ¶¶ 30, 41.)

On Formed Fiber's motion, the Court dismissed Nelson's MSPA claim. (See Order on Motion to Dismiss (Docket # 13).) Nine days later, on September 16, 2011, Formed Fiber filed notice of its intent to file a summary judgment motion and requested a Local Rule 56(h) conference. On September 21, 2011, Formed Fiber answered the Complaint (see Docket # 17) and filed a motion to strike Plaintiff's jury demand (see Docket # 16). On September 27, the Court issued a procedural order (Docket # 20) staying all deadlines, including discovery deadlines, until the parties' Rule 56(h) conference, which was held on November 16, 2011 (see Docket # 33).

On December 9, 2011, Formed Fiber filed a Motion for Summary Judgment (Docket # 40) contending that Nelson could not prevail on his WARN Act claim because he allegedly

resigned his employment with Formed Fiber less than six months after being laid off, which means that Nelson did not experience an "employment loss" as required by the WARN Act. (See Motion for Summary Judgment at 1-2.)[1] On January 13, 2012, Nelson filed the instant motion seeking leave to amend his complaint to add Paul Applegate as a named Plaintiff.

### III. DISCUSSION

Plaintiff asks that leave to amend be given freely here because discovery has not yet occurred, no dilatory motive exists, and the amendment would not be futile. Plaintiff further asserts that leave to amend is particularly appropriate here because even if the Court dismisses Nelson's suit for lack of standing, the Supreme Court's decisions in American Pipe and Construction Co. v. Utah, 414 U.S. 538, 553 (1974), and Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350 (1983), direct this Court to toll the statute of limitations for putative class members such as Applegate until the Court denies class certification. Accordingly, because the Court has issued no decision concerning class certification, Nelson asserts that he may amend the complaint to add Applegate as a named Plaintiff. Formed Fiber disagrees and contends that the amendment would be futile because: (1) Nelson lacks standing to bring suit and thus there is no claim to amend; (2) Applegate's claim is time-barred by the statute of limitations; and (3) the proposed amended complaint seeks to add a claim and jury demand that have already been rejected by this Court. As explained below, the Court need not reach the parties' arguments under American Pipe because the Court rules that Applegate's WARN Act claim falls within the applicable limitations period.

---

[1] The Court agrees with this assessment and on April 13, 2012 granted Formed Fiber's Motion. (See Order on Motion for Summary Judgment (Docket # 80).)

3

**A. Statute of Limitations**

Formed Fiber contends that Applegate's WARN Act claim is time-barred by the statute of limitations; Nelson responds that Applegate's claim falls within the statute of limitations. The Court therefore must determine the applicable limitations period for claims under the WARN Act, which contains no statute of limitations provision. The Supreme Court has provided some guidance, holding that the WARN Act limitations period should be borrowed from state, not federal, law. See North Star Steel Co. v. Thomas, 515 U.S. 29, 31 (1995) (rejecting an argument that the National Labor Relations Act limitations period applies to WARN Act claims). When borrowing a state limitations period for WARN actions, courts must first "characterize the essence" of a WARN action and then determine which state action is closest to it. Staudt v. Glastron, Inc., 92 F.3d 312, 314 (5th Cir. 1996) (citing Wilson v. Garcia, 471 U.S. 261, 268 (1985)). As other courts have found, at its essence, "WARN imposes a statutory duty on businesses to notify workers of impending large-scale job losses and allows for limited damages designed to penalize the wrongdoing employer, deter future violations, and facilitate simplified damages proceedings." Id.

Formed Fiber suggests that the WARN Act is most analogous to federal labor laws and therefore that the Court should look to analogous state labor laws for an applicable limitations period. Specifically, Formed Fiber directs the Court to Maine's Municipal Public Employees Labor Relations Law (the "Maine Labor Relations Law"), which Maine's Supreme Judicial Court has characterized as a "close counterpart" to the National Labor Relations Act. See Baker Bus Service v. Keith, 428 A.2d 55, 56 n.3 (Me. 1981). The Maine Labor Relations Law gives any public employer, public employee, public employee organization or bargaining agent six months to file a complaint with the Maine Labor Relations Board alleging that any person, public

employer, public employee, public employee organization or bargaining agent has engaged in acts or practices prohibited by the Maine Labor Relations Law.  See 26 M.R.S.A. § 968(5)(B). Accordingly, Formed Fiber encourages the Court to adopt the six month limitations period for WARN Act claims.

As Nelson points out, however, the Supreme Court rejected application of the NLRA's six-month limitations period to WARN claims, see North Star Steel Co., 515 U.S. at 36, and it would be incongruous to apply the limitations period from Maine's NLRA analogue to WARN claims.  Moreover, the Maine Labor Relations Law cited by Formed Fiber "do[es] not address WARN's primary purpose, namely, to notify employees about prospective employment loss and to give them time to prepare for impending economic dislocation." Aaron v. Brown Group, Inc., 80 F.3d 1220, 1225 (8th Cir. 1996).  Unlike WARN, the NLRA and Maine Labor Relations Law were "enacted to protect the right of workers to join together in labor organizations and collectively bargain for the terms and conditions of employment." United Paperworkers Int'l Union and its Local 340 v. Specialty Paperboard, Inc., 999 F.2d 51, 54 (2d Cir. 1993); 26 M.R.S.A. § 961 ("the purpose of this chapter [is] to promote the improvement of the relationship between public employers and their employees by … recognizing the right of public employees to join labor organizations … and to be represented by such organizations in collective bargaining…."). The purpose of WARN, on the other hand, "is not to ensure labor peace but to alleviate the distress associated with job loss for both the workers and the community in which they live." United Paperworkers, 999 F.2d at 54.  WARN, therefore, differs in purpose from the Maine Labor Relations Law.

Furthermore, unlike WARN, the Maine Labor Relations Law involves a complex administrative structure in which the aggrieved person files a complaint with the executive

director of the Labor Relations Board.  See 26 M.R.S.A. § 968(5)(B).  The executive director or her representative reviews the complaint to determine whether the facts alleged constitute a prohibited act.  Subject to review by the board, if it is determined that the facts do not, as a matter of law, constitute a violation, the charge will be dismissed.  If the executive director or the board deems that a hearing is necessary, however, then the parties engage in a prehearing and hearing process.  See id.  The six-month limitations period under the Maine Labor Relations Law limits the time within which this administrative complaint may be filed.

WARN, in contrast, does not involve an administrative enforcement mechanism.  See, e.g., Aaron, 80 F.3d at 1225 (stating that "WARN does not establish a[n] … administrative enforcement mechanism"); Staudt, 92 F.3d at 315.  Rather, WARN requires that an employer provide sixty-days' notice before layoffs or plant closings and gives employees a cause of action for damages if the employer fails to do so.  See United Paperworkers, 999 F.2d at 55.  Unlike, for example, employees who have not received their wages, victims of a failure to warn will often be unaware that they have suffered a compensable harm.  Id.  "WARN Act damages compensate an employee for the injuries caused by his or her improper termination, much akin to either an action for wrongful discharge or severance pay."  Id.  Therefore, it is inappropriate to apply the six-month limitation period from the Maine Labor Relations Law, which provides a limitations period for an administrative remedy rather than a judicial remedy, to a civil action filed under WARN.  See Staudt, 92 F.3d at 315.

Formed Fiber also urges the Court to analogize WARN to the Maine Human Rights Act ("MHRA"), which has a two-year limitations period.  Formed Fiber contends that the MHRA and WARN are analogous because they provide similar relief, namely, back pay and benefits.  Simply providing similar relief, however, does not make the statutes analogous.  The purpose of

the MHRA is to "prevent discrimination," see 5 M.R.S.A. § 4552, and neither party has characterized this case as involving discrimination. See Aaron, 80 F.3d at 1224 (discarding defendant's contention that the Missouri equal pay statute's six-month limitations period should apply to WARN because the case could not "properly be characterized as a disparate pay sex discrimination claim"). Crucially, the MHRA does "not address WARN's primary purpose, namely, to notify employees about prospective employment loss and to give them time to prepare for impending economic dislocation." Id. at 1225. Moreover, the MHRA involves a complex administrative scheme, which distinguishes the MHRA from the WARN Act. See Staudt, 92 F.3d at 315 (concluding that because the Texas Wage Act, an administrative option, did not provide a limitations period for a judicial remedy, it was "inappropriate to apply its 180-day period to a civil action filed under WARN"). It is inappropriate therefore to apply two-year limitation period from the MHRA, which provides a limitation period for an administrative remedy rather than a judicial remedy, to a civil action filed under WARN. Accordingly, the Court declines to apply the MHRA's limitations period to Applegate's WARN Act claim.

Nelson urges the Court to adopt the findings of the Second, Eighth, and Tenth Circuits and apply the state breach of contract limitations period to WARN Act claims.[2] See United Paperworkers, 999 F.2d at 57; Aaron, 80 F.3d at 1225-26; Frymire v. Ampex Corp., 61 F.3d 757, 764 (10th Cir. 1995). As the Eighth Circuit has noted, the WARN Act "impos[es] upon certain employers an obligation to notify their employees before laying them off or closing a facility," which, in a sense, "inserts additional terms into covered employment contracts." Aaron, 80 F.3d at 1225 (concluding "that a WARN action is most closely analogous to an action to recover damages for a breach of an implied contract … to notify employees before terminating them").

---

[2] Both parties recognize that the Maine Severance Pay Act, 26 M.R.S.A. § 625-B, may be a close analogue to the WARN Act. However, both parties also recognize that the MSPA does not provide a limitations period.

In finding a WARN Act claim most analogous to a breach of contract claim, the Tenth Circuit reasoned that "the WARN Act imposes a federal mandate upon employers that effectively obligates them as if bound by the terms of an employment contract." Frymire, 61 F.3d at 764. In reaching a similar conclusion, the Second Circuit found that "WARN actions in some sense compensate workers and communities for their reliance interests. Thus, we find an application of the contract limitations period best approximates the federal legislative intent." United Paperworkers, 999 F.2d at 57; see also Siniscalchi v. Shop-Rite Supermarkets, Inc., 903 F. Supp. 2d 182, 190 (D. Mass. 1995) ("The parallels between WARN and contract actions were many and are applicable here."). This Court agrees with the findings of the Second, Eighth, and Tenth Circuits and concludes that Maine's six-year limitations period for breach of contract claims, see 14 M.R.S.A. § 752, applies to Applegate's WARN Act claims.

Because the Court finds that the six-year limitations period applies to Applegate's WARN Act claims, it need not determine whether the parties' tolling agreement applies to Applegate nor whether the statute of limitations should be tolled under the rule in American Pipe. Rather, the Court concludes that Applegate is within the applicable WARN Act statute of limitations because he filed his claim within six years of being laid off or terminated.

### B. MSPA Claim and Jury Demand

Turning to the substance of the proposed amended complaint, Formed Fiber argues that this Court should reject two portions, both of which have already been rejected by this Court: (1) Count II, which contains a claim under the Maine Severance Pay Act, 26 M.R.S.A. § 625-B, and (2) the jury demand. (See Order on Motion to Dismiss (Docket # 13); Recommended Decision granting Formed Fiber's Motion to Strike Jury Demand (Docket # 58); Order Affirming the Recommended Decision (Docket # 78)). Formed Fiber also takes issue with Nelson's assertion

that the proposed amended complaint must restate Nelson's previously dismissed claim in order to preserve Nelson's rights on appeal. In support of its position, Formed Fiber argues that the law of the case doctrine prohibits Applegate from bringing an MSPA claim in the Proposed Amended Complaint.

Formed Fiber's reliance on the law of the case doctrine is misplaced. In <u>Remexcel Managerial Consultants v. Arlequin</u>, 583 F.3d 45, 53 (1st Cir. 2009), the case cited by Formed Fiber, the First Circuit explained that the law of the case doctrine has two branches and that both branches involve decisions by an appellate court binding future proceedings in the same case. <u>See</u> <u>id.</u> The first branch of the law of the case doctrine "prevents relitigation in the trial court of matters that were explicitly or implicitly decided by an earlier appellate court in the same case." <u>Id.</u> (internal citation and quotation omitted.) The second branch "binds successor appellate panels in a second appeal in the same case unless certain circumstances justify reconsideration." <u>Id.</u> (internal citation and quotation omitted.) Neither of these branches involves the procedural posture here, where Plaintiff seeks leave to amend the complaint to add a second named Plaintiff and no appellate decision has been issued with regard to any matter at issue in the case. In any event, "law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Law of the case directs a court's discretion, it does not limit the tribunal's power." <u>See</u> <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 55 (1st Cir. 2005) (quoting <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983)); <u>see also</u> <u>Fitzpatrick v. Teleflex, Inc.</u>, 763 F. Supp. 2d 224 (D. Me. 2011) (similarly quoting <u>Arizona</u>).

Rather than rely on law of the case, the Court rejects Applegate's MSPA claim and jury demand for a different reason – because such claims would be futile. <u>See</u> <u>Hatch v. Dept. for</u>

Children Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (stating that "futility" is gauged by the criteria of Rule 12(b)(6)). Plaintiff has pled no additional facts in the proposed amended complaint that would impact the Court's prior dismissal of Plaintiff's MSPA claim. The proposed amended complaint pleads no new facts to support a claim that Formed Fiber relocated and/or terminated operations at its Auburn, Maine facility. See 26 M.R.S.A. § 625-B(1) & (2). In fact, Plaintiff's proposed amended complaint merely adds a named Plaintiff and changes the number of dismissed employees from 152 to 163. (See Motion for Leave to File First Amended Class Action Complaint at 1 (Docket # 53).) Accordingly, because the Court's Order dismissing Nelson's MSPA claim applies with equal force to Applegate's MSPA claim, Applegate's MSPA claim must be dismissed.[3] (See Docket # 13.)

For similar reasons, the Court rejects Plaintiff's attempt to preserve his request for a jury trial in the proposed amended complaint. The WARN claim is Applegate's sole claim, and as this Court has held, neither the WARN Act itself nor the Seventh Amendment provides a right to a jury trial pursuant to a WARN claim. (See Recommended Decision granting Formed Fiber's Motion to Strike Jury Demand (Docket # 58) and Order Affirming the Recommended Decision (Docket # 78).) Accordingly, Applegate has no right to a jury trial on his WARN claim.

IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Leave to File an Amended Class Action Complaint (Docket # 53) is hereby GRANTED IN PART and DENIED IN PART. Plaintiff may file an Amended Class Action Complaint in accordance with this Order.

---

[3] Moreover, the Court believes that Plaintiff's concern about preserving the MSPA claim for appeal is misplaced. Plaintiff is entitled to appeal both this Order and the Court's previous Order dismissing Nelson's MSPA claim.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 13th day of April, 2012.

11