UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PAUL APPLEGATE, <br> on behalf of himself and all others <br> similarly situated, <br><br>                    Plaintiff, <br><br>         v. <br><br> FORMED FIBER TECHNOLOGIES, LLC, <br><br>                    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.  2:10-00473-GZS <br> ) <br> ) <br> ) <br> ) |

**ORDER ON ATTORNEYS' FEES & EXPENSES**

Before the Court is Plaintiff's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 125). No objections to this Motion or the amount of fees and expenses requested have been received. The Court held a final approval hearing on the proposed settlement on October 18, 2013. On November 20, 2013, the Court entered its order and judgment finally approving the settlement. Based on the full record now before the Court, having received no objections or opt-outs, and having found that the settlement is fair, reasonable and adequate, the Court now GRANTS the Motion for Attorneys' Fees and Expenses (ECF No. 125).

In accordance with Federal Rule of Civil Procedure 23(h), a court may award reasonable attorney's fees and nontaxable costs in a certified class action. "Whether or not there are formal objections, the court must determine whether a fee award is justified, and, if so, set a reasonable fee." 2007 Adv. Comm. Note to Fed. R. Civ. P. 23(h). There are generally two methods for awarding attorneys' fees from a common fund: (1) the percentage of fund (POF) method or (2) the lodestar method. In the First Circuit, the POF method is generally the "prevailing" approach. See, e.g., In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 307 (1st Cir. 1995).

In determining whether the amount of a requested fee is reasonable, the Court considers multiple factors, including: "(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to properly perform the legal services; (2) the likelihood that acceptance of the particular employment will preclude other employment by the lawyers or their law firms; (3) the fee customarily charged for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent." Sylvester v. CIGNA Corp., 401 F. Supp. 2d 147, 151 (D. Me. 2005).

In this case, the Court finds that all of the just-described factors support the requested award of $76,666.67 in attorney's fees, a third of the settlement fund. Additionally, the Court awards counsel $27,337.23 from the settlement fund to cover out-of-pocket expenses associated with this litigation. The total resulting award is $104,003.90, which reflects significantly less than the total lodestar amount. (See Young Decl. (ECF No. 127) ¶¶ 23 & 28-29.)

Therefore, the Court hereby awards Class Counsel attorneys' fees totaling $76,666.67 and expenses totaling $27,337.23 for a total award of $104,003.90, which shall be paid from the fund established pursuant to the approved Settlement and this Court's November 20, 2013 Judgment (ECF No. 133).

**IT IS SO ORDERED.**

Dated: November 21, 2013                    /s/ George Z. Singal
                                            U.S. District Judge